## JOHN J. O'BRIEN *v.* JOSEPH G. BROWNING AND OTHERS.

*Judgment debtor — fraudulent conveyance by — action to set aside — another creditor defeated in a similar action, estopped from uniting in it.*

This action was brought by a judgment creditor on behalf of himself and all other creditors who should unite with him, to set aside a fraudulent conveyance by the judgment debtor. The conveyance was decided to be fraudulent. Thereafter a judgment creditor, who had previously brought and been defeated in an action for the same purpose, applied to be joined as a party plaintiff. *Held,* that the judgment in the action brought by him operated as an estoppel, and prevented, so far as the judgment upon which such action was brought was concerned, his being made a party plaintiff in this action.

APPEAL from an order made at Special Term denying the petition of appellants, to come in and be made parties to the above-entitled action.

*John J. Townsend,* for the petitioners.

*Malcolm Campbell,* for the respondents.

DAVIS, P. J.:

The above-entitled action was brought by the plaintiff on behalf of himself "and all other persons being judgment creditors of the defendant, Joseph G. Browning, and similarly situated, who should come in and contribute to the expenses thereof."

The object of the suit was to set aside certain conveyances of lands, made, as alleged, in fraud of the creditors of said Browning. Such proceedings were had that judgment was finally rendered in the action, by which the conveyances were set aside, and a receiver of the property was appointed to sell, etc., and collect rents and profits, and pay the proceeds into court; and among other things it was ordered and adjudged "that any judgment creditor of said Joseph G. Browning upon whose judgment an execution had been returned unsatisfied may apply for leave to become a party to this action upon contributing to the expenses thereof." Under this judgment the appellants, Ganslee and Fausel, filed their petition praying leave to come in as such judgment creditors. They showed by their petition that on the 2d day of July, 1869, they recovered a judgment against Browning for $718.86, upon which an execution had been issued and returned unsatisfied except as to $286.58, and also that on the 11th day of October, 1875, they recovered against

Browning another judgment for the sum of $14,110.79, upon which execution had been duly issued and returned wholly unsatisfied.

In opposition to the prayer of the petition it was shown that the petitioners and several other judgment creditors of Browning, in 1870, commenced an action to set aside the same conveyances, as fraudulent as against their several demands and judgments; that the judgment of the petitioners set forth in the complaint in that action was the first above described, recovered on the 2d day of July, 1869, for the sum of $718.86, and that the defendants answered said complaint; and that upon the trial of the issues joined therein, final judgment was given in favor of the defendants, adjudging that such conveyances were not fraudulent, and dismissing said complaint without costs.

Upon the trial of that action, the court, among other findings of facts, found "that the said several conveyances and said mortgage were executed and delivered to the defendants, Sarah E. Browning and Anna Maria Browning, and by them taken in good faith for valuable consideration, and without any notice or knowledge on their part of any fraudulent intent on the part of the defendant, Joseph G. Browning, in making such conveyances and mortgage, or any intent to hinder, delay and defraud the plaintiffs in the collection of their several demands included in the said judgments, or any, or either, of them, and without any such intent on the part of said Joseph G. Browning."

It was insisted, and the court below held, that this judgment was and is now an estoppel on the petitioners which prevented their alleging that the several conveyances mentioned in said judgment were or are fraudulent as to them, and on that ground the prayer of the petitioners to be allowed to come in and be made parties to the above-entitled action was denied. We are of opinion that the court below erred in the application of the estoppel to both of the judgments recovered against Browning by the petitioners. The action of petitioners in which the judgment was rendered against them was based, so far as they were concerned, only upon the judgment recovered in July, 1869; and as to that judgment it was adjudged that the conveyances were not made with intent to hinder, delay or defraud the petitioners in the collection of the several demands included in the said judgment. It may well be that the judgment

rendered in that action precludes the petitioners from now asserting, in any form, that the conveyances were made with fraudulent intent as to the judgment on which they then prosecuted. They would in legal effect be doing this, if suffered to come in as parties to the present action upon the basis of the first judgment, because they thereby, of legal necessity, adopt and assert the several averments of the complaint touching the alleged fraudulency of the deeds and mortgage. As they could not do this in an original action of their own, on the basis of that judgment, on account of the estoppel created by the judgment still remaining in full force against them, they are not, we think, at liberty to do so by uniting in the action of the present plaintiff. But we think a different rule prevails as to the judgment recovered by petitioners in 1875. Upon the question whether or not the conveyances and mortgage were fraudulent as against the demand upon which that judgment was recovered, there has been no adjudication. Indeed, the language of the judgment relied upon as an estoppel is limited, as will be seen by the above quotation, to the several demands upon which the judgments described in the complaint were respectively recovered, and the court pronounced judgment upon no other.

We think, therefore, the petitioners should be allowed to come in under the judgment in this action upon proper terms in respect of the expenses of the litigation, and establish the judgment recovered by them in 1875.

We, of course, pass upon no question in respect of the rights of the petitioners to participate in the proceeds of sales and collections made by the receiver, except the single one of estoppel by force of the judgment against them as it appears in the paper before us. If there be any other reason why such judgment should not participate in such proceeds, any party to the judgment in the above-entitled action will be at liberty to assert it, and such objection will be tried and disposed of in such manner as the court shall then direct.

The order below must be modified accordingly and affirmed as modified, without costs of this appeal to either party.

BRADY and DANIELS, JJ., concurred.

Order modified as directed in opinion and affirmed as modified, without costs to either party.